(Hamilton County Court of Insolvency.)

IN RE ASSIGNMENT OF THE COMMERCIAL BANK.

---

The right to recover funds deposited in a failing bank, which did not become mingled with the funds of the bank, but remained in a separate package.

(Decided April, 1895.)

---

On application of William Fogarty.

MCNEILL, J.

On March 27, 1895, William Fogarty, having obtained $1,500.00 from the county treasurer, in three packages of $500.00 each, went to the Commercial Bank, where he kept his bank account, arriving there about 2:30 p. m. He handed the original packages, as received from the treasurer, with his pass-book, to the receiving teller of the bank. The teller having knowledge that the bank was in a failing condition, went back to the cashier, Mr. Campbell, for instructions. The cashier, having just then received information that the clearing house refused assistance, without which the bank must fail, instructed the teller to take the money, but to lay it aside and keep it separate from the bank funds. The teller did as instructed, took the money, entered the amount in Fogarty's pass-book, put a rubber band around the money, and placed it in a tin box by itself. About an hour later the bank made an assignment for the benefit of its creditors to William H. Campbell, who now has possession of the money in the same package as when left at the bank. Fogarty had no knowledge of the bank's condition when he left the money there, and now seeks for an order directing the assignee to deliver this package of money to him. It is clear from the facts above set forth, that, at the time when Fogarty delivered the money in question to the bank, the officers of the bank knew that it was in such a condition that it would be impossible for it to further conduct its business. The action of the cashier, in directing the money laid aside and its identity preserved, is to be commended. To have appro-

priated the money, or mingled it with the funds of the bank, would have been a fraud on the rights of the depositor. *Furber* v. *Stephens*, 35 Federal Rep., 17; *Sadler* v. *Belcher*, 2 Moody & Robinson, 489; *Cragie et al.* v. *Hadley*, 99 N. Y. 131; *Chaffie* v. *Fort*, 2 Lansing (N. Y.), 81; Morse on Banks and Banking, sec. 589.

The identity of the money being preserved, an action in replevin for it would lie. *Furber* v. *Stephens*, 35 Federal Rep., 17. I therefore find that the title to the package of money never vested in the bank, and, upon the application filed herein for its return being amended so as to conform to the facts as proven, an order will be made directing the assignee to deliver the money to William Fogarty.

*F. H. Oehlman*, for William Fogarty.

*C. W. Baker*, and *Swing & Morse*, for the assignee.